[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By his amended petition, petitioner seeks a writ of habeas corpus claiming that he is being illegally held in custody by the respondent warden.
For reasons hereinafter stated, the petition is dismissed.
It is petitioner's claim that he has completed his sentences, he should be discharged from custody, and he is being held in violation of his rights under the Constitutions of the United States and the State of Connecticut.
From the evidence, it is found that on January 8, 1980, petitioner received an indeterminate sentence of not less than 25 years and not more than life after being convicted of the crime of murder in violation of Connecticut General Statutes § 53a-54a. On May 19, 1981, petitioner was convicted of assault in the second degree in violation of § 53a-60
(a)(5) and received an indeterminate sentence of not less than two and not more than four years. He was also convicted of robbery in the second degree in violation of § 53a-135 (a)(1) for which he received an indeterminate sentence of not less than four and not more than eight years. These sentences were to be served concurrent with each other, but CT Page 3616 consecutive to the sentence imposed on January 8, 1980. On January 25, 1989, after being convicted of an unauthorized conveyance of items into a correctional institution in violation of § 53a-174, petitioner received a sentence of one year being eight months concurrent to the sentence he was then serving with four months consecutive to said sentence.
The January 8, 1980 sentence was imposed in accordance with Connecticut General Statutes § 53a-35, which provided that for a class A felony, such as murder, the maximum term of an indeterminate sentence would be life imprisonment. Under this section, petitioner could remain imprisoned for the rest of his natural life. Subsequently, § 53a-35b defined life imprisonment as a sentence of 60 years. This, however, does not apply to petitioner who was sentenced under the older statute.
On August 22, 1996, while petitioner was still serving the 25 years to life sentence, he was awarded parole on the consecutive sentences. He remained incarcerated under the 25 years to life sentence while on this parole. The effect of this parole was to allow him to serve the consecutive sentences while he was serving his original sentence. Petitioner would then be eligible for parole after he had served the consecutive sentences, which were now in effect concurrent.
Petitioner was denied parole on April 2, 1998 and a date of February, 2000 was set as the date for his next hearing.
Upon being informed that petitioner would be eligible for parole prior to the February, 2000 date, the consecutive sentences having been served by that time, he was given a new hearing on July 21, 1998. At this hearing, petitioner was awarded parole effective November 1, 1999. On January 27, 2000, while he was on parole, petitioner was arrested by the New London Police. He was charged with motor vehicle offenses and a marijuana offense. Petitioner's parole supervisor was notified. After an investigation and a hearing, it was determined that petitioner had violated the terms of his parole. There is no claim that the violation proceedings violated petitioner's rights to due process and there is no evidence of such violation.
After the parole violation determination, petitioner was returned to the custody of respondent to serve the balance of his life sentence. Petitioner's present situation is that, because of the action of the parole board, he has been discharged from the consecutive sentences. He is at present serving the sentence which will last for the rest of his natural life. He is eligible for parole on this sentence. The allegations of the petition and the claim that petitioner has served his sentence and is being held in custody illegally have not been proven. CT Page 3617
Accordingly, the petition is dismissed.
 Joseph J. Purtill Judge Trial Referee